UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS PRICE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRIPLE CANOPY, INC.,<br><br>　　　　　Defendant. | No. 2:24-cv-02430-DC-JDP<br><br>ORDER GRANTING MOTION TO SUBSTITUTE A PARTY<br><br>(Doc. No. 8) |

  This matter is before the court on Plaintiff's suggestion of death of Plaintiff Daryl Brooks and motion to substitute a party pursuant to Federal Rule of Civil Procedure 25(a). (Doc. No. 8.) Therein, Plaintiffs' counsel notifies the court and Defendant that they "recently discovered [the] death of Daryl Brooks, a plaintiff in this action," who "passed away on September 18, 2024." (*Id.* at 1.) Plaintiffs attach as exhibits to their pending motion to substitute party a copy of the death certificate for Plaintiff Daryl Brooks and a copy of the Letter of Administration from the Superior Court of Rockingham County, North Carolina, showing that Alfred Leon Brooks was appointed administer of Plaintiff Daryl Brooks's estate. (*Id.* at 5, 7.) Consequently, in the pending motion, Plaintiffs request that "Alfred Leon Brooks, Administrator of the Estate of Daryl Brooks, Deceased" be substituted in place of "Daryl Brooks" as a named plaintiff in this action, so that Decedent Daryl Brooks's claims survive, and the action on her behalf may proceed.

  Pursuant to Federal Rule of Civil Procedure 25, if a party dies and their claim remains

1

1  viable, the court may substitute a proper party in place of the decedent, such as the decedent's
2  successor or representative. Fed. R. Civ. P. 25(a)(1). Rule 25 provides that a motion to substitute
3  must be filed within 90 days after service of the statement noting the death of the party. *Id.* "In
4  deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the
5  motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a
6  proper party." *Veliz v. Cintas Corp.*, No. 03-cv-1180, 2008 WL 2811171, at *1 (N.D. Cal. July
7  17, 2008).

        Here, the pending motion to substitute satisfies all Rule 25 requirements. First, the motion was filed concurrently with the suggestion of death and is therefore timely. Second, the claims of decedent, which arise under California's wage and hour laws, are not extinguished. *See Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-cv-03435-BLF, 2023 WL 309399, at *1 (N.D. Cal. Jan. 18, 2023) (finding a plaintiff's "claims under the California Labor Code, one claim under California's Unfair Competition Law, one claim under the Federal Labor Standards Act, and two California common law claims" were not extinguished by the plaintiff's death) (citing Cal. Code Civ. Proc. § 377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.")). Third, Alfred Leon Brooks, as the Administrator of the Estate of Daryl Brooks, is a proper party to substitute in place of Plaintiff Daryl Brooks. *See Lal v. Enloe Med. Ctr.*, No. 2:22-cv-01540-KJM-DMC, 2023 WL 4373999, at *1 (E.D. Cal. July 6, 2023) (granting the substitution of decedent's estate administrator); *Oliver v. Carey*, No. 06-cv-0390-MCE-EFB, 2011 WL 284991, at *2 (E.D. Cal. Jan. 25, 2011) ("Courts have held that executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party under Rule 25(a).") (citing cases).

        For these reasons, the court will grant Plaintiffs' motion to substitute a party.

        Accordingly,

        1.     Plaintiffs' motion to substitute a party (Doc. No. 8) is GRANTED;

        2.     Alfred Leon Brooks, Administrator of the Estate of Daryl Brooks, Deceased, is hereby substituted in place of Plaintiff Daryl Brooks; and

3.  The Clerk of the Court is directed to update the docket to reflect that "Alfred Leon Brooks, Administrator of the Estate of Daryl Brooks, Deceased" has been substituted in place of "Daryl Brooks" as a named plaintiff in this action.

IT IS SO ORDERED.

Dated:  __**April 14, 2025**__                              _____
                                                                             Dena Coggins
                                                                             United States District Judge

3